UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$43,029 U.S. CURRENCY and $9,641 U.S. CURRENCY<br><br>    Defendant.<br>_____/ | No. 06-07421(EDL)<br><br>Related Case Nos. 07-2185 (EDL) & 07-1880 (EDL)<br><br>ORDER VACATING HEARING; ORDERING FURTHER BRIEFING |

In its October 10, 2007 Order, the Court set a briefing schedule for the numerous pending motions in the above-captioned case and in the related cases <u>Vasquez v. United States</u> (Case No. 07-2185 EDL) and <u>Vasquez v. United States</u> (Case No. 07-1880 EDL) and noticed those motions for hearing on December 18, 2007. The Court hereby VACATES the December 18, 2007 hearing. After reviewing the pending motions, the Court has questions about certain jurisdictional issues that it would like the parties to address.

Briefly, the parties shall address the jurisdictional issues raised in the following cases. When state and federal courts each proceed against the same res, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." <u>Penn General Casualty Co. v. Pennsylvania</u>, 294 U.S. 189, 195 (1935). <u>Penn General Casualty</u> "establish[es] a strong prudential limitation -- so strong, in fact, that if concurrent in rem jurisdiction is established, a federal district court has no discretion as to whether to yield to a prior state proceeding; it 'must yield'." <u>United</u>

States v. Kama, 394 F.3d 1236, 1240 (9th Cir. 2005) (concurring opinion) (citing In re One 1985 Cadillac Seville, 866 F.2d at 1145; Penn. General Casualty Co., 294 U.S. at 195)).   Even if a state action is inactive, the district court must decline jurisdiction unless there has been an affirmative act of abandonment. In re One 1985 Cadillac Seville, 866 F.2d at 1145. In In re Seizure of Approximately 28 Grams of Marijuana, 278 F. Supp. 2d 1097 (N.D. Cal. 2003), the Court ordered the DEA to return subject marijuana to the county sheriff's department, because the state court, not the federal court, had jurisdiction.  The Court noted that "even in the absence of a state forfeiture action, courts have found that in some cases, the principles articulated in Penn General bar federal in rem proceedings against property seized by police pursuant to state court warrants." Id. at 1102.  However, the Court also noted that "[a] number of courts have allowed federal forfeiture actions to proceed against property seized by police officers so long as no state court forfeiture action was pending." Id. at 1104 .  Finally, the Court noted that "the extent of judicial control conferred by California Penal Code § 1536 might be sufficient to find that under Penn General, federal courts may not take jurisdiction over property sized by California state authorities without a turnover action," although the Court did not have to reach the issue, because the state court had actively asserted jurisdiction over the property. Id. at 1107.  See also United States v. $25,000, 2003 U.S.Dist. LEXIS 16303 (N.D. Cal. Sept. 16, 2003) (Conti, J.) (where there was a pending state action opposing forfeiture, and where property was seized under state warrant, federal court barred from asserting jurisdiction over same res; dismissing case and returning property to jurisdiction of superior court).

Because the above caselaw raises questions as to the Court's jurisdiction here, the parties shall file supplemental briefs addressing this line of cases and the following questions:

- Who seized the property (both the $43,029 currency from the truck and the $9,641 from Mr. Vasquez's person) at issue in this case?   Was it the Sunnyvale Specialized Enforcement team or the DEA?  What is the Sunnyvale Specialized enforcement team?  If the property was seized by a local agency, does that block this Court's jurisdiction over the property at issue?

- Did the seizing agency have a warrant issued by a state court to conduct the search, or was the search conducted pursuant to other authority?  If not, how does this impact the Court's jurisdiction in this case?

- Do Vasquez's two state court actions that were removed to this Court constitute state forfeiture actions? Did Vasquez properly serve those complaints, and how does that impact this Court's jurisdiction? Does it matter that those proceedings were instituted by Vasquez and not the state? Were these the only filings in state forfeiture actions? Did the state institute any proceedings related to the property? Did the state hold the property after disposition of the criminal action? Was there any affirmative disposition by the state court with regard to the currency? When did the state court last enter an order involving the property?

- The government notes that the property was previously subject of a federal administrative forfeiture and that the United States, not the state, has control over the property. How did the United States get control over the property? Did the state ever have control over the property? How does the prior federal administrative forfeiture impact jurisdiction?

The parties shall file supplemental briefs and declarations if appropriate on the jurisdictional issues described above no later than **December 18, 2007**, and the briefs shall not exceed fifteen pages. The Court will then rule on the pending motions on the papers.

IT IS SO ORDERED.

Dated: December 3, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3