**EXHIBIT C**

**County of Santa Clara**

**Office of the District Attorney**

County Government Center, West Wing
70 West Hedding Street
San Jose, California 95110
(408) 299-7400
www.santaclara-da.org




Dolores A. Carr
District Attorney

January 4, 2008

Asst. U.S. Atty. Stephanie Hinds
U. S. Attorney's Ofc., N. District of California
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102-3495

**Subject: Filing for Civil Case # 1-06-CV-073700 & 1-06-CV-03698; Claimant Hector Palomino Vasquez**

Dear Ms. Hinds:

I am the Deputy District Attorney currently assigned to Asset Forfeiture cases for the County of Santa Clara, and I am writing in response to an inquiry that was forwarded to this office from U.S. Magistrate Judge Elizabeth D. Laporte regarding the above referenced matter. The Civil Case was opened because the Claimant (Hector Palomino Vasquez) filed a Claim Opposing Forfeiture [Judicial Council Form MC-200] regarding some property that was seized at the time of his arrest. That filing states a claim, but it does **not** start a case. Only the People can initiate an asset forfeiture judicial action by the filing of a Petition. [*People v. Property Listed in Exhibit One* (1991) 227 Cal. App. 3d 1, 6-7]. In addition, this claim was never served upon this office, as mandated under California Health and Safety Code Section 11488.5, which states that "An endorsed copy of the claim **shall be served** on the Attorney General or district attorney, as appropriate, within 30 days of the filing of the claim." [*Emphasis added*] The Case Information listing with the Santa Clara County Superior Court indicates that the claim was filed on or about October 25, 2006, **but has never been served on this office.**

This office will **not be filing a Petition** in this matter, due to the fact that the local agencies never had control of the seized property in this case. According to the police report in the underlying criminal case [SVL DPS #06-4680], the U.S. currency that was taken as a result of the traffic stop and subsequent search in this case was taken from the scene by an agent from the Federal drug enforcement agency [DEA]. These funds were apparently never even transported to the local agency or booked with the Property Division of the Sunnyvale Dept. of Public Safety or any other local law enforcement agency.

I-005

If there are any questions regarding this case, please feel free to contact my office. Thank you very much.

Respectfully Submitted,

KARYN SINUNU-TOWERY
Assistant District Attorney for

ROBERT E. JOHNSON
Deputy District Attorney