JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: 415.436.7324
Facsimile: 415.436.7234

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>APPROXIMATELY $43,029 AND APPROXIMATELY $9,641 IN UNITED STATES CURRENCY,<br><br>Defendants. | No. C 06-7421 EDL<br><br>[PROPOSED] ORDER RE: DEFAULT JUDGEMENT |

## I. Background

On December 4, 2006, the United States filed this action to obtain the forfeiture of defendant $43,029 in United States Currency and of defendant $9,641 in United States Currency (hereinafter "defendant funds") pursuant to 21 U.S.C. § 881(a)(6) on the basis that defendant funds were furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Supchapter I, Chapter 13 of Title 21 of the United States Code, or was proceeds traceable to such an exchange

On July 3, 2008, this Court granted the United States' Motion to Strike the untimely claim and answer of Hector Vasquez ("Vasquez"), the only claimant to the defendant funds, finding that Vasquez had failed to file a timely claim and answer and had failed to show "good

1  cause" for his failure to do so. Thereafter, on August 15, 2008, the United States requested a
2  Clerk's Entry of Default, which was granted on August 21, 2008. On October 10, 2008, the
3  United States filed a Motion for Default Judgement. On October 28, 2008, Vasquez filed his
4  opposition to the United States' Motion for Default Judgement.

**II. Motion for Default Judgment**

This Court has the authority to either set aside the Entry of Default "for good cause", Federal Rule of Civil Procedure 55(c), or set aside a Default Judgment for various reasons, including "mistake, inadvertence, surprise, or excusable neglect", Federal Rule of Civil Procedure 60(b)(1). Since no Default Judgment has been entered, Rule 60 does not apply. Although Vasquez's latest filing is styled an Opposition to the Motion for Default, at this juncture the procedural posture of the case is such that his papers are considered a request to set aside the entry of default under Rule 55(c).[1] Since under Rule 55, the Entry of Default can be set aside only upon a showing of good cause, the issue before the Court is whether Vasquez has shown good cause for his failure to file a timely claim and answer. However, the Court has already considered this question in the context of the United States' Motion to Strike and found that Vasquez has not shown good cause for his failure to file a timely claim and answer.

**III. Argument**

Vasquez's argues that he has discovered new evidence and thus, this Court should not grant the Motion for Default Judgment (or under Rule 55 it should allow him to set aside the Entry of Default.) However, the newly discovered evidence consists of documents and reports that, by his own admission, have been in the custody of his state criminal defense lawyer for the last 2 years. He offers no explanation for his failure to ask for these records at any time in the

---

[1] If Vasquez were to prevail in his Opposition to the Motion for Default Judgment, he would still be faced with the Entry of Default filed August 21, 2008. Although some courts disagree whether the "good cause" required for setting aside entry of default under Rule 55 (c) differs from the "excusable neglect" required to set aside a default judgement under Rule 60(b), the Ninth Circuit treats both grounds the same. TCI Goup Life Ins. Plan v. Knoebber (9th Cir. 2001) 244 F.3d 691, 696; Franchise Holding II, LLC v. Huntington Restaurants Group, Inc. (9th Cir. 2004) 375 F.3d 922, 926.

Default Judgment
C 06-7421 EDL                              2

1  last 2 years. Moreover, the issues he claims they raise, i.e. his arrest, the search of his truck, the
2  seizure of his money, were all raised many times in the documents he filed throughout these
3  proceedings[2]. This Court has already found those pleadings do not constitute a claim and
4  answer. The validity of the arrest, the scope of the search, and the issue of *Miranda* warnings
5  are all issues that can only be raised by someone with standing in the case, and standing in a
6  forfeiture case can only be obtained by filing a timely claim and answer under Supplemental Rule
7  G(a) and (b). United States v. $11,918.00, 2007 WL 3037307 *7 (E.D. Cal. Slip Op., October
8  17, 2007)

9  Vasquez has failed to demonstrate good cause for this Court to set aside the Entry of
10 Default under Rule 55(c), nor has he shown good cause for this Court to deny the United States'
11 Motion for Default Judgment.

12 **THEREFORE UPON CONSIDERATION** of the United States' Motion for a Default
13 Judgment, Vasquez's Opposition, and the entire record, and based on the findings that (1) the
14 United States provided proper notice by serving parties known to have an interest and by
15 publication as required by Rule 6-1, Local Admiralty Rules, (2) the time for filing a claim and
16 answer has expired and (3) no one has appeared to defend by filing a timely claim and answer, it
17 is by the Court on this __1st__ day of __December__, 2008,

18 ORDERED, ADJUDGED AND DECREED that a Default Judgment be, and hereby is,
19 entered for the United States against (1) $43,029 in United States Currency and (2) $9,641 in
20 United States Currency and it is;

21 FURTHER ORDERED that the above-captioned and listed defendants be, and hereby
22 are, condemned and forfeited to the United States, pursuant to 21 U.S.C. § 881(a)(6), and that all
23 right, title and interest in said property be and hereby is vested in the United States of America;
24 and it is;

25 //

26 ───────────────────────────

27 [2] *See, e.g.* Motion to Strongly Object Docket # 7, p.2 and 3, Claimant's Acceptance of
   Telephonic Appearance, p. 6-11, Docket # 16; Reply in Opposition, p.2, Docket # 23,
28 Opposition to Motion to Dismiss, p. 4-6, Docket # 62.

Default Judgment
C 06-7421 EDL                                3

FURTHER ORDERED that the United States Marshals Service shall, in accordance with law, dispose of the forfeited defendants.

IT IS SO ORDERED.

Dated: December 1, 2008



_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

Default Judgment
C 06-7421 EDL                                4

|   |   |
|---|---|
| 1 | CERTIFICATE OF SERVICE |

2  The undersigned hereby certifies that she is an employee in the Office of the United States
3  Attorney for the Northern District of California and is a person of such age and discretion to be
4  competent to serve papers. The undersigned further certifies that she caused a copy of
5      [PROPOSED] ORDER RE: DEFAULT JUDGEMENT
6  to be served this date via first class mail delivery upon the person(s) below at the place(s) and
7  address(es) which is the last known address(es):

8  Hector Vasquez, F-29468
9  California Training Facility - South
P.O. Box 690
10 Soledad, CA 93960-0690

11      I declare under penalty of perjury under the laws of the United States of America that the
12  foregoing is true and correct to the best of my knowledge.
13      Executed this 25th day of November, 2008, at San Francisco, California.

                              /S/
                        CAROLYN JUSAY
                        Legal Assistant
                        Asset Forfeiture Unit